UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ARLENE EDSON, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>RIVERVIEW PSYCHIATRIC )<br>CENTER, et al., )<br>)<br>    Defendant ) | 1:16-cv-00079-JAW |

### RECOMMENDED DECISION ON PLAINTIFF'S MOTIONS TO AMEND AND DEFENDANTS' MOTIONS TO DISMISS

In this action, Plaintiff Arlene Edson, a ward of the State of Maine residing at the Riverview Psychiatric Center, alleges Defendants violated her rights through the unreasonable use of force. In response to Plaintiff's complaint, certain Defendants filed motions to dismiss. (ECF Nos. 6, 9, 10, 11, 13.) Plaintiff subsequently moved to amend her complaint (ECF No. 19), and to amend the caption to remove multiple defendants from the action. (ECF No. 20.) I recommend the Court grant Plaintiff's motions,[1] and dismiss as moot Defendants' motions.

#### PROCEDURAL BACKGROUND

Plaintiff initially filed suit in Maine Superior Court. When Defendant Jamie Meader, citing federal question jurisdiction, removed the action to this court (Notice of Removal, ECF No. 1), the remaining Defendants either explicitly consented to the removal, or did not object to the removal. In response to Plaintiff's complaint, Defendants Jay Harper, Paul LePage, David Lovejoy, Mary

---

[1] Although a motion to amend is within the magistrate judge's authority, *Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 9 n.2 (1st Cir. 2000), because the Plaintiff's motion is directly related to Defendants' motions to dismiss, I concluded that it was appropriate to issue a recommended decision on the pending motion to amend, to afford the Court, in the event a party objects to this recommendation, the opportunity to apply the same standard of review to the decisions on all of the motions addressed in this recommended decision.

Mayhew, Michelle Paradis, Colleen Cutler, Jamie Meader, Alexander Raev, Ph.D., Julia Wise, PA-C, and Jason Turner filed motions to dismiss. (ECF Nos. 6, 9, 10, 11, 13.)

After the filing of the motions to dismiss, Plaintiff moved to amend her complaint (ECF No. 19) and to amend the caption of the case. (ECF No. 20.) Through her motions and subsequent filings, Plaintiff asserts that the only movant against whom she intends to proceed is Defendant Mayhew. As to the other movants, Plaintiff concedes she has no evidentiary support for the asserted claims. Plaintiff maintains that the Court should first grant her motions, and then dismiss as moot the motions to dismiss. The moving Defendants ask the Court instead to grant their motions to dismiss with prejudice. (ECF Nos. 26, 31, 32, 33.)

## DISCUSSION

Because Plaintiff did not file her motion to amend within 21 days of the motions to dismiss,[2] Plaintiff's motions require Defendants' consent or leave of the Court. Fed. R. Civ. P. 15(a)(1)(B)(2). Given that Plaintiff filed her motions within days of the deadline to amend as a matter of course, ordinarily, leave to amend would be granted. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.") Plaintiff's motions, however, must be considered in the context of Defendants' motions to dismiss.

Plaintiff's motions are in essence her request to dismiss her claims against the moving Defendants without prejudice. Because Defendants responded to Plaintiff's complaint with the motions to dismiss, Plaintiff cannot voluntarily dismiss her claims against the movants without a court order. Fed. R. Civ. P. 41(a)(2). In an effort to preclude possible future litigation and perhaps in an attempt to secure "prevailing party" status, Defendants urge the Court to act first on the

---

[2] Plaintiff's motions to amend were filed within 21 days of Defendant Turner's motion to dismiss. However, as explained below, leave of court is still required to determine whether dismissal of Defendant Turner is without prejudice.

motions to dismiss, and to dismiss with prejudice the claims against Defendants. The central issue generated by the pending motions, therefore, is whether the claims against the moving Defendants should be dismissed with prejudice or without prejudice.

The First Circuit's discussion of Rule 41 in *Colon-Cabrera v. Esso Standard Oil Co. (Puerto Rico)*, 723 F.3d 82 (1st Cir. 2013) is instructive. First, the Court observed that under Rule 41(a)(2), "dismissal without prejudice is the norm, 'unless the court finds that the defendant will suffer legal prejudice.'" *Id*. at 88 (quoting *P.R. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981)). In addition, the Court noted: "The mere prospect of a subsequent lawsuit does not constitute such prejudice." *Id*. (citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)).

The Court then discussed the factors a court should consider when determining whether to dismiss a case with prejudice or without prejudice under Rule 41(a)(2):

> Voluntary dismissal under Rule 41(a)(2) is conditioned on court permission to protect the nonmovant from unfair treatment. Such unfairness can take numerous forms, including the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation of the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant. For example, it is appropriate to consider whether a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling. A plaintiff should not be permitted to force a defendant to incur substantial costs in litigating an action, and then simply dismiss his own case and compel the defendant to litigate a wholly new proceeding.

*Id*. (citations and internal quotations omitted).

Here, Defendants primarily cite the prospect of future litigation as the prejudice they would suffer in the event the Court dismissed the claims without prejudice. As the First Circuit recognized, however, the potential for future litigation is not a sufficient reason to dismiss a claim with prejudice.

The First Circuit's analysis reveals that the stage of the proceedings at which a plaintiff seeks to dismiss a claim is significant. As a general rule, the closer the matter is to trial and the greater a defendant's commitment of time and resources to the defense of the claim, the more likely the dismissal would be with prejudice. In this case, Plaintiff seeks to dismiss the moving Defendants very early in the process and before the parties have engaged in any discovery. Although the pendency of Defendants' motions to dismiss is also a consideration, insofar as "dismissal without prejudice" is the norm, the timing of Plaintiff's request militates in favor of a dismissal without prejudice and thus supports the granting of Plaintiff's motions before addressing Defendants' motions to dismiss.

With the grant of Plaintiff's motion to amend, Defendants' motions to dismiss would be moot. Plaintiff, however, does not seek to dismiss Defendant Mayhew. That is, Defendant Mayhew is included as a defendant in Plaintiff's proposed amended complaint. Because Defendant Mayhew filed the motion to dismiss in response to the original complaint, upon the filing of the amended complaint, the motion would also be moot.[3]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Plaintiff's Motion to Amend Complaint (ECF No. 19); grant Plaintiff's Motion to Amend Caption (ECF No. 20); and dismiss as moot the moving Defendants' motions to dismiss (ECF Nos. 6, 9, 10, 11, and 13).[4]

---

[3] This should not be construed to suggest that the claims asserted in the proposed amended complaint are materially different from the claims asserted in the original complaint, or as a comment on the merit of Defendant Mayhew's motion to dismiss. Rather, the motion would be moot because it was filed in response to a pleading that is no longer the operative pleading in the case.

[4] If the Court adopts this recommendation, Defendants Cutler, Harper, LePage, Lovejoy, Meader, Paradis, Raev, Wise, Turner, and the Maine Department of Health and Human Services would no longer be parties to this action.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                        /s/ John C. Nivison
                                        U.S. Magistrate Judge

Dated this 16th day of May, 2016.