UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ARLENE EDSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00079-JAW |
| | ) | |
| RIVERSIDE PSYCHIATRIC | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OF DECISION ON MOTION TO EXTEND TIME AND
FOR SERVICE BY ALTERNATE MEANS**

In this action, Plaintiff Arlene Edson alleges Defendants violated her rights when they used excessive force against her while she resided at the Riverview Psychiatric Center. Plaintiff requests an extension of time to serve Defendant Kelly Lavigne, and requests leave to serve Defendant Lavigne by alternate means. (Plaintiff's Motion to Extend Time and to Allow Service on Kelly Lavigne by Alternate Means, ECF No. 37.) The Court grants Plaintiff's motion.

FACTS

To date, Plaintiff has not served Defendant Lavigne with the complaint and summons. Plaintiff has attempted to locate and serve Defendant Lavigne as follows:

1.  Plaintiff has searched various social media websites; public records databases; and Maine government websites, including the Maine Bureau of Motor Vehicles. Plaintiff has also attempted without success to make telephone contact with Defendant Lavigne through a particular listed telephone number.

2.  Plaintiff retained the Kennebec County Sherriff's Office and the Cumberland County Sherriff's Office to locate and serve Defendant Lavigne in Kennebec and Cumberland counties. Deputy Harry McKenney of the Kennebec Sherriff's Office learned that Defendant Lavigne was no longer employed at the Maine Department of Corrections.

3.      Plaintiff hired a private investigator, Joseph D. Thornton, Jr. ("Thornton") and his associate, Alan E. Goodman ("Goodman") to conduct a public records search, obtain potential addresses for Defendant Lavigne and travel to those addresses in an effort to serve Defendant Lavigne.  The addresses include 27 Oak Terrace, Brunswick; 556 Court St., Auburn; 31 Clearview Lane, Topsham; 6 Cyr St., Auburn; 341 Christina Ridge Rd., South Paris; 40 Fuller Mountain Rd., Phippsburg; and 24 Tarbox Rd., Bath.  Mr. Thornton learned that Defendant Lavigne now goes by the name of Kelly Atwood Coffin.  He made efforts to contact her through a relative who reportedly lived at 24 Tarbox Road in Bath, but was unsuccessful.

(Affidavit of Attorney Daniel G. Lilley ¶¶ 6 – 20, ECF No. 37–1.)

Plaintiff has incurred approximately $1,800 in costs in her effort to locate and serve Defendant Lavigne. (*Id*. ¶ 22.)  Despite Plaintiff's efforts, Plaintiff has been unable to locate and serve Defendant Lavigne.  Plaintiff requests permission to serve Defendant by publication in the *Portland Press Herald*, a newspaper of general circulation available in Cumberland and Sagadahoc Counties in Maine, which comprise four of Defendant Lavigne's potential residences, including 24 Tarbox Rd., in Bath, where Defendant Lavigne's relative is believed to live.  (*Id*.)  Plaintiff also proposes to serve Defendant Lavigne through publication in the *Maine Sunday Telegram*, a newspaper of general circulation, which is published every Sunday and is sold statewide.

### DISCUSSION

#### A.      Extension of Time

Federal Rule of Civil Procedure 4(m) provides that a party must serve the named defendants within 90 days of filing a complaint.  If service is not accomplished in this time, the court may dismiss the defendant from the action, without prejudice, or order that service be made within a specific period.  Fed. R. Civ. P. 4(m).  On a showing of good cause, the court must extend the time for service for an appropriate period.  *Id.*

Plaintiff commenced this action by filing her complaint in Maine Superior Court on November 30, 2015.  On February 10, 2016, Defendants removed the action to this Court.  On that

date, the Clerk determined May 10, 2016, as the service of process deadline. On May 6, 2016, Plaintiff filed the instant motion.

Plaintiff has demonstrated good cause for her need for an extension of time in which to serve Defendant Lavigne. Despite diligent efforts, Plaintiff was not able to serve Defendant Lavigne prior to May 10. Accordingly, the time for service will be extended to permit Plaintiff to serve Defendant Lavigne by the alternate means set forth below.

**B.      Alternate Means of Service**

Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternative means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;

(B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and

(C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

Me. R. Civ. P. 4(g)(1).

In this case, Plaintiff has been diligent in her efforts to serve Defendant Lavigne by customary methods, has demonstrated that her efforts have been unsuccessful and has shown that further similar efforts are unlikely to be successful.   The issue is whether service by publication, as requested by Plaintiff, is appropriate in this case.

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action."  *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627.  Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case."  *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627.  For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process.  *See Grannis* [*v. Ordean*]*,* 234 U.S. at 394, 34 S. Ct. 779 [(1914)].  Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the pendency of a suit.  *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)].  Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice.  *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only

4

upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

*Gaeth v. Deacon*, 2009 ME 9, ¶ 26, 964 A.2d 621, 628 (footnote omitted).[1]

The law, however, recognizes that "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950). Additionally, "[w]here the plaintiff can show that deliberate avoidance and obstruction by the defendants have made the giving of notice impossible, statutes and caselaw have allowed substitute notice by mail and publication in media of general and wide circulation." *SEC v. Tome,* 833 F.2d 1086, 1092 (2d Cir. 1987). When service by publication is authorized, it is generally authorized in combination with other means of making service. *Mullane*, 339 U.S. at 316 ("It is true that publication traditionally has been acceptable as notification supplemental to other action which in itself may reasonably be expected to convey a warning.").

Here, Plaintiff has made extensive efforts to located Defendant Lavigne, which efforts have included a search of public records, public records databases, and social media sites; attempted telephone contact; contact with Defendant Lavigne's former employer; attempted contact with a possible relative of Defendant Lavigne; and attempts to make personal contact at seven (7)

---

[1] As early as 1950, the United States Supreme Court expressed doubts about the sufficiency of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.").

different locations.  Given Plaintiff's extensive efforts to locate Defendant Lavigne, the Court is persuaded that Defendant Lavigne's physical location cannot reasonably be ascertained; that service by publication, together with service by mail, is reasonably calculated to provide actual notice to Defendant Lavigne; and that such service is the most practical manner of providing Defendant Lavigne with notice of the suit.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's Motion to Extend Time and to Allow Service on Kelly Lavigne by Alternate Means.  (ECF No. 37.)

Plaintiff shall publish notice once each week for three (3) consecutive weeks in the Portland Press Herald and the Sun Journal.[2]  The notice shall be in the form of the Order for Service by Publication which shall issue on even date herewith.  Plaintiff shall commence the publication of the notice within 20 days of this Memorandum of Decision.  Me. R. Civ. P. 4(g)(3).  Plaintiff shall also send a copy of this Memorandum of Decision, the Order for Service by Publication, the summons, and the first amended complaint by standard mail to each of the three most recent addresses at which Plaintiff understands Defendant Lavigne resided under the name Kelly Lavigne, any address at which Kelly Atwood Coffin reportedly resided, and to 24 Tarbox Rd., Bath, Maine 04530, the address at which Plaintiff believes a relative of Defendant Lavigne resides.[3]  Plaintiff shall file an affidavit demonstrating that compliance with this Order has occurred.  Me. R. Civ. P. 4(g)(3).

---

[2] Maine Rule 4(g) calls for publication "in a designated newspaper of general circulation in the county or municipality and state most reasonably calculated to provide actual notice of the pendency of the action to the party to be served." Because some of the potential addresses Plaintiff has identified are located in Androscoggin and Oxford counties, publication in the Sun Journal, a newspaper of general circulation in Androscoggin and Oxford counties, is warranted.

[3] Maine Rule 4(g) specifies that an order authorizing service by publication "shall also direct the mailing to the defendant, if the defendant's address is known, of a copy of the order as published."  Although Defendant Lavigne's address is not known, the Court concludes that it is reasonable to supplement service by publication with mail delivered to certain addresses associated with Plaintiff.

The time within which Plaintiff must serve Defendant Lavigne is extended to permit Plaintiff to serve Defendant Lavigne in accordance with this Order.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th the day of June, 2016.